# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

December 9, 2016

Lindsay Taylor, DAG
Department of Justice
102 West Water Street, Second Floor
Dover, DE 19901

Andre Beauregard, Esq.
Brown, Shiels & Beauregard, LLC
502 South State Street
Dover, DE 19901

Re: ***State v. Thomas J. Gordon***
***Case#1603017179***

Counsel:

Pursuant to an oral motion, Defendant Thomas Gordon (hereinafter "Mr. Gordon") moved to compel production of an arrest and search checklist completed by Probation and Parole prior to his arrest on March 22, 2016. Mr. Gordon, a probationer, was arrested and charged with Possession of a Firearm and Firearm Ammunition by a Person Prohibited, Receiving a Stolen Firearm, and two counts of Offensive Touching of Law Enforcement Officers. He was arrested and his alleged effects searched after Probation and Parole Officer Porter (hereinafter "Officer Porter") sought approval for his arrest and search pursuant to their guidelines.

Mr. Gordon seeks production of the arrest/search checklist completed by Officer Porter pursuant to *Brady v. Maryland*.[1] The State, after review of the checklist,

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

represented that it contained no *Brady* material and accordingly nothing "material to the preparation of the defendant's defense."[2] Mr. Gordon responds that he believes that material in the checklist is exculpatory for both (1) its evidentiary value and (2) for impeachment value in light of Officer Porter's testimony at the Preliminary Hearing.

The standard for determining whether an item constitutes *Brady* material is if it is favorable to the accused and "material either to guilt or to punishment."[3] Evidence is material "if the fact it is offered to prove is 'of consequence' to the action."[4] The scope of the State's obligation under *Brady* includes mandated disclosure of material that is exculpatory as substantive evidence or exculpatory by virtue of its impeachment value.[5] It is the State's obligation to disclose such exculpatory material.

Here, Mr. Gordon argues that the checklist is material both to the issues of guilt versus innocense and separately for its impeachment value relevant to the credibility of the chief investigating officer who was a Probation and Parole officer. Specifically, he argues that whether or not Officer Porter followed proper procedure is relevant to a matter of consequence. He proffers that the checklist will show that proper procedures were not followed during the administrative arrest and search. Furthermore, he argues that Officer Porter's testimony at the Preliminary Hearing will be contradicted by the checklist.

The Deputy Attorney General prosecuting the case responded that (1) the State does not intend to introduce the checklist in its case-in-chief, and further (2) after the

---

[2] *See Super. Ct. Crim. R.* 16(a)(1)(D).

[3] *Lilly v. State*, 649 A.2d 1055, 1057 (Del. 1994) (citations omitted).

[4] *Id.* at 1060 (citation omitted).

[5] *Wright v. State*, 91 A.3d 973, 987-988 (Del. 2014).

2

State's review of the material, it determined that the material need not be disclosed pursuant to *Brady*. Nevertheless, Mr. Gordon urged the Court to review the document. Since the State did not object to Mr. Gordon's request, the Court reviewed it *in camera*.

The Court reviewed the checklist in light of Mr. Gordon's proffers. After this review, the Court finds that there is no exculpatory information in the document that mandates its disclosure pursuant to *Brady v. Maryland*. Furthermore, as requested by Mr. Gordon, the Court separately reviewed the preliminary hearing transcript, including the testimony of Officer Porter. The Court finds no information in the checklist inconsistent with the testimony of Officer Porter that would make the material appropriate for disclosure under *Brady* for impeachment purposes.

On balance, since (1) the State does not intend to introduce the document as evidence in its case-in-chief at trial, and (2) the document is not material to the preparation of Mr. Gordon's defense, the State is not mandated to disclose it pursuant to Superior Court Criminal Rule 16(a) or pursuant to *Brady v. Maryland's* mandate. For these reasons, Defendant Thomas Gordon's motion to compel production of *Brady* material is DENIED. Since the State provided the document at issue for an *in camera* review, the Court orders the document to be filed under seal, and the Prothonotary shall docket it accordingly.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Judge